FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2005 JUN -9 PM 4:32

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

Frank Rafael Enriquez,

    Petitioner,

vs.                              Case No.   2:05-cv-265-FtM-33DNF

Monica A. David in her capacity as
Chair, Florida Parole Commission,

    Respondent.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status

This matter is before the Court on Petitioner's Emergency Petition for Writ of Prohibition and Request for Temporary Writ of Prohibition or Alternatively Request for a Temporary Injunction Without Notice Enjoining Respondent From Proceeding Against Petitioner in a Revocation of Petitioner's Conditional Release From the Florida Department of Corrections While He is a "Jimmy Ryce" Detainee Under the Department of Children and Families (hereinafter "Petition" Doc. # 1), originally filed on the Court's docket as a civil rights complaint. This matter was referred by the Court to the undersigned by Order dated June 6, 2005 (Doc. #2).

---

[1] Any party may file and serve objections hereto within TEN (10) DAYS after service of this opinion. Failure to do so shall bar the party from a <u>de novo</u> determination by the district judge of an issue covered herein and contesting factual findings on appeal. See 28 U.S.C. Section 636(b)(1); Fed.R.Civ.Pro. 72(b), 6(a) and (e); Rule 6.02(a) and 4.20(a), Local Rules for United States District Court for the Middle District of Florida.

## II. Facts

Petitioner, convicted of sexual battery and false imprisonment (Case No. F90-5611), was conditionally released from the Florida Department of Corrections on June 1, 1999 and placed in the custody of the Florida Department of Children and Families pursuant to a probable cause finding that Petitioner is a "violent sexual predator" as defined by §394.910, et. seq., Florida Statutes. In October 2003, Respondent brought an action to revoke Petitioner's conditional release due to Petitioner's failure to submit to a random uranalysis in September 2003 as required by the terms of his conditional release. In December 2003, a conditional release revocation hearing was convened at the FCCC and continued while Petitioner underwent medical treatment. At the December 2003 revocation hearing Petitioner agreed to amend the terms of his conditional release and consent to sexual violent predator treatment. Petitioner is now challenging whether the Florida Parole Commission ("Commission") can revoke his conditional release while he is being detained at the Florida Civil Commitment Center ("FCCC") pursuant to the Jimmy Ryce Act. Further, Petitioner seeks an order from this Court enjoining the Commission from exercising jurisdiction over Petitioner under the conditional release program.[2]

---

[2]

Coincidently, in Petitioner's Petition for Habeas Corpus Relief Under 28 U.S.C. Section 2254, which was dismissed by this Court, Petitioner argued that
(continued...)

### III. Applicable Law

Petitioner purports to bring this claim pursuant to the All Writs Act. See Petitioner, page 5. The All Writs Act provides that "the Supreme Court and all Courts established by Act of Congress may issue writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. §1651. Thus, the Act empowers the federal courts to issue such directives "as may be necessary or appropriate to effectuate and prevent the frustrations and orders it has previously issued in its exercise of jurisdiction otherwise obtained." United States v. N.Y. Tel., 434 U.S. 159, 172 (1977). Thus, the Act does not provide an independent basis for subject matter jurisdiction. Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1070-71 (11th Cir. 2001). Nor does invoking the Act dispense with the requirement to comply with statutory requirements for federal court jurisdiction. Syngenta Crop Protection v. Henson, 537 U.S. 28 (2002). Petitioner fails to establish a basis for the Court under the All Writs Act to enjoin Respondent from exercising jurisdiction over Petitioner.

Additionally, Petitioner fails to satisfy his burden to cause a writ of prohibition to issue. Petitioner must demonstrate

---

[2](...continued)
the Jimmy Ryce Act did not apply to those individuals on conditional release. Enriquez v. Briody, 2005 WL 1026059 (M.D. Fla 2005). See Case No. 2:02-cv-452-FtM-JES. In his Section 2254 Petition, Petitioner sought a writ of prohibition to enjoin the Eleventh Judicial Circuit of the State of Florida from proceeding with Petitioner's Jimmy Ryce Trial. See Doc. #16.

"exceptional circumstances amounting to a judicial 'usurpation of power'." In re Wainwright, 678 F.2d 951 (11th Cir. 1982) (quoting Will v. United States, 389 U.S. 90, 95 (1967)). The writ is "'reserved for really extraordinary causes' . . . and should be issued only when the right to relief is 'clear and undisputable' . . . and is not to be used as a substitute for an appeal." In re Wainwright, at 953 (quoting Miller v. Connally, 354 F.2d 206 (5th Cir. 1965).[3]

Petitioner contends that the Commission is usurping its jurisdiction by removing Petitioner from the FCCC for violating the terms of his conditional release. In essence, Petitioner challenges whether he can be subject to the terms and conditions of Florida's Conditional Release Program, 947.1405, Fla. Stat., while he is detained at the FCCC pursuant to Florida's Jimmy Ryce Civil Commitment for Sexually Violent Predators Act, 394.910-.931, Fla. Stat. There is no basis to authorize the issuance of a writ of prohibition and, in fact, the Florida appellate courts have concluded that the Commission is vested with concurrent jurisdiction in similar matters. See Florida Parole Commission v. Shiloh, 2005 WL 1249217 (Fla. App. 2nd Dist, May 27, 2005); Florida Parole Commission v. Smith, 896 So.2d 966 (Fla. App. 2nd Dist,

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2005); David v. Meadow, 881 So.2d 653 2005 WL 1249217 (Fla. App. 2nd Dist, 2004), rehearing denied September 15, 2004.

Alternatively, Petitioner seeks to have the Court issue a temporary injunction without notice. Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "it clearly appears from specific facts...that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party...can be heard in opposition," and (2) the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Further, under Local Rule 4.05, "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."

Petitioner has not fulfilled all the requirements of Rule 65(b) for this Court to grant the relief Plaintiff seeks. In particular, Plaintiff has not demonstrated irreparable injury and has not explained why he was unable to provide Respondent with notice prior to seeking *ex parte* relief.

Because Petitioner seeks to have the Court mandate the Secretary of the Florida Board of Parole from exercising its jurisdiction over Petitioner, the Petition alternatively was construed as a Petition for Writ of Mandamus. Writs of mandamus

have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure, although United States District Courts have jurisdiction in actions in the nature of mandamus, pursuant to 28 U.S.C. § 1361. While federal courts have jurisdiction over mandamus actions that seek to compel a federal official to perform a specific duty, 28 U.S.C. § 1361, federal courts have no general power to compel performance by a **state** official where mandamus is the only relief sought. Russell v. Knight, 488 F.2d 96, 97 (5th Cir.1973); Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir.1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971).

Furthermore, even if the Court had mandamus jurisdiction, Petitioner has failed to show entitlement to a writ of mandamus. A writ of mandamus is an extraordinary remedy which is available only when there is no other adequate means available to remedy a clear usurpation of power or abuse of discretion. Jackson v. Motel 6 Multipurpose, Inc., 130 F.3d 999, 1004 (11th Cir.1997). A petitioner must show both that he lacks adequate alternative means to obtain the relief sought and carry the burden of showing that his right to issuance of a writ is clear and indisputable. In re Am. Airlines, Inc., 972 F.2d 605, 608 (11th Cir.1992). In this case Petitioner has not satisfied either requirement.

## IV. Recommendation

Petitioner's Emergency Petition for Writ of Prohibition and Request for Temporary Writ of Prohibition or Alternatively Request for a Temporary Injunction Without Notice Enjoining Respondent From Proceeding Against Petitioner in a Revocation of Petitioner's Conditional Release From the Florida Department of Corrections While He is a "Jimmy Ryce" Detainee Under the Department of Children and Families, or in the alternative Petition for Writ of Mandamus (Doc. # 1), should be **DENIED**.

**ENTERED** at Fort Myers, Florida, on this 9th day of June, 2005.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

SA: hmk

Copies to:
The Honorable Virginia M. Hernandez Covington
United States District Judge
Plaintiff
Monica A. David, Chair of Florida Parole Commission