UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Frank Rafael Enriquez,

        Petitioner,

vs.                         Case No. 2:05-cv-265-FtM-33DNF

Monica A. David in her capacity as
Chair, Florida Parole Commission,

        Respondent.
_____/

### ORDER

This matter comes before the Court on consideration of United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #3) filed on June 9, 2005, recommending that Petitioner's Emergency Petition for Writ of Prohibition and Request for Temporary Writ of Prohibition or Alternatively Request for Temporary Injunction Without Notice Enjoining Respondent from Proceeding Against Petitioner in a Revocation of Petitioner's Conditional Release from the Florida Department of Corrections while he is a "Jimmy Ryce" Detainee Under the Department of Children and Families (Doc. #1) be denied. The Petitioner filed a Request for De Novo Review by District Judge and Objections to Magistrate's Report and Recommendation on July 7, 2005. (Doc. #6.)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. §

636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

In Petitioner's Request for De Novo Review by District Judge and Objections to Magistrate's Report and Recommendation (Doc. #6), the Petitioner alleges that the procedures used by the Florida Parole Commission in its Conditional Release Act Program are unconstitutional as applied. Next, Petitioner claims he followed the notice requirements of Fed. R. Civ. P. 65(b) by serving the Respondent. Petitioner alleges that the parole evidence rule precludes consideration of the Conditional Release "Contract."

In the Report and Recommendation (Doc. #3), the Magistrate Judge found that the All Writs Act did not provide an independent

basis for jurisdiction. 28 U.S.C. § 1651; Henson v. Ciba-Geigy Corp., 261 F.3d 1065, 1070-71 (11th Cir. 2001). The Petitioner is still required to satisfy the statutory requirements for federal jurisdiction. See Syngenta Crop Protection v. Henson, 537 U.S. 28 (2002).

Next, the court found that there was no jurisdiction to issue a writ of prohibition as the Florida appellate courts have concluded that the Florida Parole Commission has concurrent jurisdiction. See Fla. Parole Comm'n v. Shiloh, 30 Fla. L. Weekly D1348 (Fla. 2d DCA May 27, 2005); Fla. Parole Comm'n v. Smith, 896 So.2d 966 (Fla. 2d DCA 2005); David v. Meadow, 881 So.2d 653 (Fla. 1st DCA 2004).

The Petitioner failed to satisfy the requirements of Fed. R. Civ. P. 65(b), as Petitioner did not explain why he was unable to provide Respondent with notice before seeking *ex parte* relief nor did he demonstrate an irreparable injury.

The court noted that Fed. R. Civ. P. 81(b) abolished Writ of Mandamus in federal practice. Additionally, where mandamus is the only relief sought, the federal court is without power to compel a state official to act. Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, DeKalb County Superior Ct., 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial Dist. Ct. of Tex., 440 F.2d 383 (5th Cir. 1971). The court found that the Petitioner failed to show that he had no other means available to him and was

thus entitled to a writ of mandamus. See <u>Jackson v. Motel 6 Multipurpose, Inc.</u>, 130 F.3d 999, 1004 (11th Cir. 1997); <u>In re Am. Airlines, Inc.</u>, 972 F.2d 605, 608 (11th Cir. 1992).

Petitioner's claim that the parole evidence rule precludes consideration of the Conditional Release "Contract" is wholly unfounded and without legal foundation.

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation (Doc. #3), the Court accepts the Report and Recommendation of United States Magistrate Judge Douglas N. Frazier.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

1. United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #3) is hereby **ACCEPTED** and **ADOPTED**.

2. Petitioner's Emergency Petition for Writ of Prohibition and Request for Temporary Writ of Prohibition or Alternatively Request for Temporary Injunction Without Notice Enjoining Respondent From Proceedings Against Petitioner in a Revocation of Petitioner's Conditional Release From the Florida Department of Corrections while he is a "Jimmy Ryce" Detainee Under the Department of Children and Families, or in the alternative Petition for Writ of Mandamus (Doc. #1) is hereby **DENIED**.

3. The Clerk is directed to enter judgment accordingly and close the file. The Clerk is further directed to terminate all

previously scheduled deadlines and pending motions.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this \_\_13th\_\_ day of July, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties of Record